UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRUCO LIFE INSURANCE
COMPANY and THE
PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiffs,

v.                                              Case No.: 2:23-cv-54-SPC-NPM

SANDRA HOWEN and MARLENE
TWENTIER,

    Defendants.
                                                /

## **OPINION AND ORDER**

Before the Court is the parties' Joint Motion for Interpleader Deposit and Other Relief (Doc. 37). The parties all agree that Plaintiffs Pruco Life Insurance Company and The Prudential Insurance Company of America are "mere stakeholder[s] with no title or interest in the Death Benefits"[1] and should be dismissed with prejudice after Plaintiffs deposit stake (proceeds from death benefits of annuities) (Doc. 37 at 3). The Court grants the Parties' request.

Accordingly, it is now

---

[1] "Death Benefits" refers both to the Variable Investment Plan annuity number 93021221 issued by Plaintiff The Prudential Life Insurance Company of America and the Discovery Select annuity number E0021728 issued by Plaintiff Pruco Life Insurance Company.

**ORDERED:**

Finding no just reason for delay under Fed. R. Civ. P. 54(b), the parties' Joint Motion for Interpleader Deposit and Other Relief (Doc. 37) is **GRANTED**.

1. Within **fifteen (15) business days** from today, Plaintiffs **SHALL DISTRIBUTE** to the Clerk of Court for deposit into the Registry of the Court the Death Benefits for disbursement in accordance with the judgment of this Court.

2. The amount of the deposit shall equal the Death Benefits due and owing as calculated on the date of distribution, plus applicable interest, if any.

3. The Clerk is **DIRECTED** to deposit the funds into an interest-bearing account with the Court Registry Investment System or any other type of interest-bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon, shall be held in the interest-bearing account until further order of the Court.

4. Upon deposit of the Death Benefits with the Court, Plaintiffs shall be, and hereby are, discharged from any and all liability in connection with the Death Benefits and/or Annuities, and all claims, rights, interests, and actions that Defendants might otherwise have held

against Plaintiffs and their present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators with respect to the Death Benefits and/or Annuities are hereby released.

5. Defendants shall be, and hereby are, permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the Defendants, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Plaintiffs with respect to the Annuities and/or Death Benefits.

6. Plaintiffs shall be, and hereby are **DISMISSED** from this action with prejudice and without fees or costs to any party.  All complaints, claims, counterclaims, cross-complaints, and crossclaims that were asserted or could have been asserted against Plaintiffs will be dismissed with prejudice.

7. This action shall be retained on the Court's docket for resolution of claims to the funds deposited by Plaintiffs and distribution thereof.

**DONE** and **ORDERED** in Fort Myers, Florida on August 25, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record