# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**PRUCO LIFE INSURANCE COMPANY** and
**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**,

    Plaintiffs,

v.                                                                                 2:23-cv-54-SPC-NPM

**SANDRA HOWEN** and
**MARLENE TWENTIER**,

    Defendants.

---

**MARLENE TWENTIER**,

    Cross-claimant,

v.

**SANDRA HOWEN** and
**LISA HOWEN**

    Crossclaim Defendants.

---

# ORDER

In this interpleader action regarding distribution of life-insurance benefits, Marlene Twentier served written discovery on the Howens, but they failed to timely respond. After multiple futile conferral efforts, Twentier filed a motion to compel. (Doc. 44). The Howens made no effort to oppose the motion, and the court granted it. Quite naturally, the court also found Twentier entitled to an expense-of-motion award. (Doc. 45). Twentier subsequently filed a declaration seeking $1,200 in fees

for three hours devoted to preparing and filing the motion and its supporting exhibits. (Doc. 48). The Howens never disputed the reasonableness of Twentier's fee request.

When awarding fees under Rule 37, "there must be a causal connection between the discovery violation and the reasonable expenses incurred." *Flexsteel Pipeline Techs., Inc. v. Chen*, No. 5:16-cv-239-TKW-GRJ, 2020 WL 13189031, *1 (N.D. Fla. Apr. 27, 2020) (internal citation omitted). And in calculating such an award, federal courts use the lodestar method. *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349–50 (11th Cir. 2009); *see also Flexsteel*, 2020 WL 13189031, at *1 (collecting cases). "Under the lodestar method, courts determine attorney's fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate." *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019).

First, the reasonable hourly rate. A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant legal community" is "'the place where the case is filed.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). "The party seeking attorneys' fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the

work" and usually includes "direct evidence of charges by lawyers under similar circumstances or . . . opinion evidence." *Norman*, 836 F.2d at 1299. But at the end of the day, the court itself is an expert in determining a reasonable hourly rate. *See id.* at 1303.

Twentier seeks a $400 hourly rate for attorney Steven A. Ramunni. But without any detail or explanation for such a rate in his declaration, the court is not persuaded that a $400 hourly rate is justified for a routine motion to compel that could have easily been prepared by a first-year associate. *Roskovensky v. Sanibel Captiva Island Vacation Rentals, LLC*, No. 2:22-cv-602-JLB-NPM, 2024 WL 474123, *1 (M.D. Fla. Feb. 7, 2024); *see also Tri-City R.R. Co., LLC v. Preferred Freezer Servs. of Richland, LLC*, No. 2:19-cv-00045-SAB, 2020 WL 3620225, *2 (E.D. Wash. Mar. 19, 2020) (finding it clear that defendant's fee was not reasonable given the routine nature of the motion to compel). The motion to compel contained no novel legal theories or difficult factual issues. Instead, it presented a quintessentially straightforward issue: a party that simply failed to respond to discovery requests. That said, the Howens never objected to the rate, so the court finds a $300 rate is reasonable.

Next is the reasonableness of the hours expended. Again, the appropriateness of the hours is the applicant's burden to establish. *Norman*, 836 F.2d at 1299. In doing so, the fee applicant "must exclude from their fee applications 'excessive,

redundant, or otherwise unnecessary hours,' which are hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.'" *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) and *Norman*, 836 F.3d at 1301)). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

The three hours requested for the motion to compel are not reasonable. Twentier seeks 0.8 hours for drafting the original motion to compel, which the court denied without prejudice for failure to comply with Local Rule 3.01(g). (Docs. 42, 43). Twentier then billed another 0.6 for drafting an amended motion to compel, but it is largely the same motion, adding only a few additional lines regarding Twentier's conferral efforts. (Doc. 44). Had Twentier properly conferred the first time around, the amended motion would have been unnecessary. So 0.3 hours for the amended motion seems more appropriate. Twentier also seeks 0.6 hours for reviewing the Howens' discovery responses for compliance. But this entry makes little sense given the premise of the motion to compel was a complete lack of responses from the Howens. So it is unclear what responses Twentier had to review. The court also declines to award 0.3 hours for review of two court orders.

Based on the foregoing, the court finds 1.9 hours at a $300 per hour rate is reasonable and awards Twentier **$570** for her expenses, including fees, related to the motion. This is appropriate given the routine nature of the motion while also accounting for the Howens' unresponsiveness. By **April 16, 2024**, the Howens must jointly tender payment to Twentier and file a notice of compliance.

**ORDERED** on April 2, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge