UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRUCO LIFE INSURANCE
COMPANY and THE PRUDENTIAL
INSURANCE COMPANY OF
AMERICA,

     Plaintiffs,

v.                                Case No.: 2:23-cv-00054-SPC-NPM

SANDRA HOWEN et al
     Defendant(s).

_____/

MARLENE TWENTIER, in her
capacities as Personal
Representative of the ESTATE OF
WALTER D. SCHRECONGOST and
Successor Trustee of the
SCHRECONGOST FAMILY
REVOCABLE LIVING TRUST
DATED NOVEMBER 15, 2010,

     Cross-claimant,

v.

SANDRA HOWEN and LISA
HOWEN

     Crossclaim Defendants.

_____/

## **ORDER**

Before the Court is the Motion for Summary Judgment filed by Cross-

claimant Marlene Twentier, an individual, and as Personal Representative on

1

behalf of the Estate of Walter D. Schrecongost and in her capacity as Successor Trustee (Doc. 59), the response filed by Crossclaim Defendants Sandra and Lisa Howen[1] (Doc. 62), and Cross-claimant's reply. (Doc. 64). For the reasons below, the Motion is granted.

## BACKGROUND

This is an interpleader action over entitlement to the death benefits from two individual retirement annuities issued to annuitant Dorothea Schrecongost (the "Death Benefits"). The following facts are undisputed. Dorothea was the owner of the two annuities at issue: Variable Investment Plan annuity number 93 021221 ("VIP Annuity") and Discovery Select annuity number E0021728 ("Discovery Select Annuity") (collectively, the "Annuities"). Prior to 2021, Dorothea's husband, Walter Schrecongost, was the primary beneficiary to 100% of the Annuities' Death Benefits.

On August 5, 2021, a Prudential Beneficiary Change and Predetermined Payout Election Form was completed (the "Form"), naming Sandra Howen as primary beneficiary to 100% of the Annuities' Death Benefits, and Sandra's daughter, Lisa Howen, as an additional beneficiary. Sandra and Lisa were paid caregivers for Dorothea during the last three years of her life. The Form

---

[1] The Court issued an Order directing Crossclaim Defendants to show cause why the Court should not treat the Motion for Summary Judgment as unopposed in light of their failure to timely respond. Based on the show cause response (Doc. 63), the Court will take no further action on its Show Cause Order. (Doc. 61).

was signed by Florida notary public, Kimberly Neri, on behalf of Dorothea. The Form contains a separate attestation page in the format mandated by Fla. Stat. § 117.05(14) for notarial services to persons with disabilities, indicating that Neri was signing on Dorothea's behalf because she had "impaired vision and cannot see." (Doc. 1-11). The attestation pate was also signed by Sandra and Lisa as witnesses. Neri did not read the Form to Dorothea before signing it on her behalf.

On February 14, 2022, Dorothea passed away. Eight days later, Walter passed away. Both Walter and Dorthea had wills containing a pour-over clause directing their residuary assets to be added to the Schrecongost Family Revocable Living Trust Dated November 15, 2010 (the "Trust) upon their deaths. Now, Twentier, on behalf of Walter's Estate, and the Howenses dispute who should get the Death Benefits. Twentier has moved for summary judgment on her cross claim.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine

dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show the lack of genuinely disputed material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If carried, the burden shifts to the nonmoving party to point out a genuine dispute. *Beard v. Banks*, 548 U.S. 521, 529 (2006). At this stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

## DISCUSSION

The Parties do not dispute the material facts concerning the Annuities and the execution of the Designation. Rather, Twentier contends that Walter's estate is entitled to the Death Benefits as a matter of law because the Form attempting to change the beneficiary to Sandra and Lisa was improperly executed.

The Parties do not dispute that Form was not signed by Dorothea; it was signed by Neri on Dorothea's behalf. Neri did so pursuant to Fla. Stat. § 117.05(14), according to the document, because Dorothea had impaired vision and could not see. (Doc. 1-11 at 12). In Florida, a notary public may sign the name of a person whose signature is to be notarized when that person is physically unable to sign or make a signature mark on a document if three

4

requirements are met:  (1) the disabled person must direct the notary to sign in his or her presence by verbal, written, or other means, (2) the document signing must be witnessed by two disinterested persons, and (3) the notary public must include standard language under the signature stating the circumstances by which he or she was directed to sign.   Fla. Stat. § 117.05(14)(d).  It is the second requirement that is problematic here.

Twentier argues that Sandra and Lisa could not serve as disinterested witnesses because they both stood to benefit from the change in designation. So, she argues, because the requirements of § 117.05(14)(d) were not met, the Form is void.  Sandra and Lisa do not dispute that they were not disinterested witnesses.   Rather, they contend that notarization of the Form was not required by law to effect a change in beneficiary of an annuity.  They say the case law cited by Twentier is inapposite because it concerns conveyances that require notarization by statute and argue that even though the notarization was deficient here, the Form naming them as beneficiaries was still effective.

Their argument fails for one reason – Dorothea did not sign the document.  Whether notarization and disinterested witnesses were required generally to effect a change in beneficiary, Dorothea's signature was.  "The law applicable to a beneficiary designation for a life insurance policy also applies to a beneficiary designation for an annuity." *Athene Annuity & Life Co. v. Jones*, No. 2:18-CV-14189, 2019 WL 9045537, at *4 (S.D. Fla. Jan. 24, 2019).

5

"In Florida, the right of an insured to change the beneficiary of a life insurance policy depends on the terms of contract between the insurer as expressed in the life insurance policy.  Under Florida law, one who seeks to change the beneficiary of a life insurance policy must strictly comply with the policy's terms."  *Id.* (internal quotation marks and citation omitted).

The VIP Annuity required a request for change in beneficiary to be "in writing and in a form that meets our needs."  (Doc. 1-1 at 8).  The Discovery Select Annuity required the annuitant to complete a change form to initiate a change in beneficiary.  (Doc.  1-2 at 9).  The Form at issue required the annuitant's signature.  The signature page states, "[b]y signing below, "I (*we*) a]gree to the request(*s*) made on this form . . . [and] hereby authorize Prudential to act on the instructions within this restriction form."  (Doc. 1-11 at 11).  It then contains a blank space for the "Contract Owner Signature (*Designation, if applicable*)" and a directive to "sign here."  (*Id.*)

Had Dorothea signed the document, the argument made by Crossclaim Defendants—that deficiencies in the notarization were immaterial because notarization was not required—might hold muster.  That said, the Court does not even reach this argument because Dorothea did not sign the Form.[2]

---

[2] Twentier also argues that Neri did not comply with the statute because she did not read the Form to Dorothea.  Fla. Stat. § 117.05(14)(a) permits a notary to notarize the signature of a person who is blind, but only after reading the entire instrument to that person.  Neri testified that she did not read the document to Dorothea.  In any event, because Neri could

Rather, it is undisputed that Neri signed it on Dorothea's behalf and did so pursuant to § 117.05(14). So for the signature to be valid, the requirements of that statute must have been met. They were not. Crossclaim Defendants point to no authority which would permit Neri to sign the document on Dorothea's behalf outside of § 117.05(14). And their reliance on *Montgomery v. Carlton*, 99 Fla. 152, 156, (1930) and *Harris v. Walbridge*, 488 So. 2d 881, 881 (Fla. Dist. Ct. App. 1986) is misplaced, because those cases both concerned the defective acknowledgment of a deed, not a situation where, as here, a document was executed by a third party on another's behalf. At bottom, because it was not signed by Dorothea herself, the Form is void. *See Spoerr v. Manhattan Natl. Life Ins. Co.*, No. 05-61891, 2007 WL 128815, at *3 (S.D. Fla. Jan. 12, 2007) (finding a life insurance beneficiary change request executed by an attorney-in-fact to be void ab initio when the power of attorney prohibited modification of death benefits); *Est. of Vaughn by & through Vaughn v. Life Care Centers of Am., Inc. of Tennessee*, No. 4:05-CV-00389-SPM/AK, 2006 WL 8445366, at *4 (N.D. Fla. Jan. 10, 2006) (finding no valid arbitration agreement exists when agreement was signed by the decedent's daughter prior to her designation as the decedent's healthcare proxy).

---

not properly sign on Dorothea's behalf pursuant to § 117.05(14)(d), the Court does not address whether the signature was properly notarized pursuant to § 117.05(14)(a).

## CONCLUSION

Accordingly, it is now

**ORDERED:**

(1) The Motion for Summary Judgment filed by Cross-claimant Marlene Twentier (Doc. 59) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to enter judgment for Cross-claimant Marlene Twentier, in her capacities as Personal Representative of the Estate of Walter D. Schrecongost and Successor Trustee of the Schrecongost Family Revocable Living Trust Dated November 15, 2010 and against Cross Defendants Sandra Howen and Lisa Howen.

**DONE** and **ORDERED** in Fort Myers, Florida on August 2, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

8