## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**PRUCO LIFE INSURANCE**, *et ano*,
     Plaintiffs,

v.                                                    2:23-cv-54-SPC-NPM

**SANDRA HOWEN**, *et al.*,
     Defendants.

_____

### ORDER

This interpleader action concerns two annuities issued by plaintiff Pruco Life Insurance in the 1990s to Dorothea Schrecongost, whose husband, Walter Schrecongost, was the sole beneficiary. In August 2021, when Dorothea was elderly and visually impaired, notary Kimberly Neri signed a Change of Beneficiary Form purportedly on Dorothea's behalf, designating defendants Sandra Howen and Lisa Howen as the new beneficiaries. Dorothea predeceased Walter, and both died in February 2022. (Doc. 65 at 3). Pruco brought this action to determine who was entitled to Dorothea's death benefits: the Howens, or Walter's Estate, represented by Marlene Twentier (Doc. 1). We granted summary judgment in Twentier's favor. (Doc. 65).

Twentier now moves for attorney's fees on the grounds that the Howens acted in bad faith by, among other things, pleading facts that they later recanted in their

1

depositions. (Doc. 71 at ¶ 15). The Howens have not responded in opposition. The motion is therefore treated as unopposed. *See* Local Rule 3.01(c).

Courts may award attorney's fees in cases where only declaratory relief was sought. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). While no statute requires attorney's fees to accompany a declaratory judgment, courts may grant "[f]urther necessary or proper relief based on a declaratory judgment." 28 U.S.C. § 2202. Courts possess the inherent equitable power to discretionarily award attorney's fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline*, 421 U.S. at 258. Bad faith can include actions taken both "preceding and during litigation," *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985), and is not limited to the bad faith filing of a suit. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980).

A fee award is appropriate here because the Howens acted in bad faith. In her crossclaim, Twentier alleged that the Howens prepared the Change of Beneficiary Form and arranged for its execution. (Doc. 27 at 11). She further alleged that no one read the form to Dorothea. (Doc. 27 at 12). The Howens denied both of those allegations in multiple filings. (Doc. 40 at 3; Doc. 59-1 at 190-91). But in their depositions, they admitted that Lisa Howen prepared the form. (Doc. 59-1 at 23-25, 90-93). And it is unclear that the form was read to Dorothea. (Doc. 59-1 at 25-27,

95-96). Kimberly Neri (the notary) confirmed the same events. She testified that Sandra Howen arranged for her to sign the form on Dorothea's behalf. (Doc. 59-1 at 159-160). Neri further testified that she neither read the form to Dorothea nor witnessed the Howens do the same. (Doc 59-1 at 160, 172).

Given the totality of the circumstances, including the well-supported and unchallenged contention that the Howens made false statements in their filings, we conclude that they acted in bad faith. Twentier's motion for entitlement to attorney's fees (Doc. 71) is **granted.**

Before the filing of any supplemental motion on amount under Local Rule 7.1(c), the parties are directed to engage in a robust exchange of information and frequently confer with each other in a diligent and good-faith attempt to resolve the fee-and-cost matter without court intervention, and to include a mediator or other agreed-upon ADR mechanism if they cannot resolve it on their own. To inform that discussion, the parties must familiarize themselves with the fee-motion rulings of the district and magistrate judges assigned to this matter. *See*, *e.g.*, *Mraz v. I.C. Sys., Inc.*, No. 2:18-cv-254-FtM-38NPM, 2021 WL 4086147 (M.D. Fla. Aug. 23, 2021), *R&R adopted*, No. 2:18-cv-254-SPC-NPM, 2021 WL 4078139 (Sept. 8, 2021).

The court will liberally grant any joint or unopposed requests for more time to file the supplemental motion. As for taxing costs, that is a ministerial function

performed by the clerk, and it does not need to involve the court. If a supplemental

motion for fees is filed, or in conjunction with any stipulation as to taxable costs,

Twentier may separately file a Proposed Bill of Costs for taxation by the clerk.

Twentier should note that taxable costs are strictly limited to those enumerated in

28 U.S.C. § 1920.

**ORDERED** on August 27, 2025

NICHOLAS P. MIZELL
United States Magistrate Judge